STATE *EX REL.* BOARD OF SCHOOL COMMISSIONERS OF CITY OF COLUMBIA v. FOLK.

1. POLL TAX—SCHOOL FUND—COUNTY TREASURER.—Poll tax paid to a trial justice with penalty after expiration of time within which county treasurer can collect, belongs to school fund of the district where payee resides.

2. TAXES—TAX COLLECTING OFFICER.—The tax collecting officer may receive past due taxes and penalties from defaulting taxpayers without resorting to legal remedy to enforce payment.

Original petition on the relation of the board of school

commissioners of the school district of the city of Columbia against L. B. Folk, treasurer of Richland County, for mandamus, to compel payment to petitioners of the proceeds of poll taxes collected by trial justices without fine.  Granted.

*Mr. John P. Thomas, jr.*, for petitioners.

*Mr. Townsend*, assistant attorney general, contra.

Jan. 3, 1896.  The opinion of the Court was delivered by

Mr. Chief Justice McIver.  This is an application, addressed to this Court in the exercise of its original jurisdiction, praying that a writ of mandamus, directed to the said L. B. Folk, as county treasurer of Richland County, may be issued, requiring him to hold certain moneys alleged to have been received by him as poll taxes to the credit of the school district of the city of Columbia, and to report the same as a collection of poll taxes to the relators, as the board of commissioners of the school district of the city of Columbia, and that he shall pay out the same upon the warrant of the said board of school commissioners in the manner required by law.  The facts out of which this controversy arises do not seem to be disputed, and may be stated, substantially, as follows: On the 31st of December, 1894—the time limited for the payment of taxes, without penalty, levied for the fiscal year 1893-94—there were a large number of persons residing within the limits of the school district of the city of Columbia who had made default in the payment of their poll taxes.  Thereupon the county treasurer made lists of such defaulting taxpayers, adding the penalty of fifteen per cent. on the poll tax due by each, as prescribed by law, and placed the same in the hands of the two trial justices for the city of Columbia—Tradewell and Troy—together with affidavits that the persons therein named had made default in the payment of their poll taxes.  In a few instances warrants were issued against the defaulting taxpayers, charging them with a misdemeanor, under the provisions of section 377 of the

Criminal Statutes, as revised in 1893. In those instances where the parties were tried, convicted, and fined, the fines were paid over to the county treasurer, as required by section 896 of the Revised Statutes, for county purposes. For the fines thus paid over to the county treasurer the relators make no claim, because at that time the act of 1894—21 Stat., 770—appropriating such fines to school purposes, had not been passed, and hence, under the law as it then stood, the county treasurer was justified in holding the same for county purposes generally. But, in a large majority of instances, the defaulting taxpayers paid their poll taxes, with penalty added, to the trial justices, without having been tried or convicted, and without being fined for the misdemeanor in failing to pay their poll taxes; and the controversy is as to the moneys thus collected by the trial justices and paid over to the county treasurer—that officer claiming that such moneys are applicable to the county purposes generally, while the relators claim that such moneys, being the poll taxes voluntarily paid by the defaulting taxpayers, are applicable exclusively to school purposes, and should be so held by the county treasurer. Inasmuch as one of the conceded facts in the case is that, when a defaulting taxpayer made the payment to the trial justice, he was given a receipt on a blank form prepared by the comptroller general and delivered to the county treasurer, and by him delivered to the trial justices, specifying that the money paid was for a poll tax with the penalty added, we do not see how it can be questioned that such money was the proceeds of the poll tax, and, as such, by the express terms of the Constitution, as well as by the terms of the statute under which such tax was levied, exclusively applicable to school purposes. This money certainly did not arise from fines imposed by the trial justices, for the parties paying it were never arrested, tried or convicted for a misdemeanor in not paying their poll tax, and, therefore, were not and could not have been fined.

It is contended, however, that after the expiration of the time allowed for the payment of the poll tax, the county treasurer has no authority to collect the same, and can only prosecute the defaulter for a misdemeanor; and if the treasurer cannot collect it himself, neither a trial justice nor any other person could act as his agent in the collection of it. We cannot accept this view. The object of all tax laws is to secure the collection of the taxes imposed by lawful authority; and if such laws contain provisions for enforcing the payment of taxes, it by no means follows that the collecting officer is forbidden to receive the taxes and penalties thereon, after the time limited for their payment, without resorting to the stringent remedies provided for *enforcing* the payment of taxes. Such a view would sacrifice substance to mere form. The end desired is the collection of the taxes, and if a defaulting taxpayer chooses voluntarily to come forward and pay his taxes, with all penalties and legitimate costs added, before the stringent remedies provided to enforce payment shall be put into operation, we see no reason why the same may not be received by the officer charged with the collection thereof. But, be this as it may, the fact remains in this case, that here is a sum of money in the hands of the county treasurer, arising from poll taxes paid by defaulting taxpayers, and for which they hold receipts, and there can be no question, under the Constitution as well as the statute, that such money is exclusively applicable to school purposes, and to those purposes it must be applied.

The judgment of the Court is, that writ of mandamus do issue as prayed for in the petition.